# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARIO ENRIQUEZ BARROZ CELIS,

      Petitioner,

  vs.

BONDI, *et al.*,

      Respondents.

Case No.: 2:26-cv-00079-GMN-DJA

## ORDER GRANTING PETITION

Pending before the Court is Petitioner Mario Enrique Barroz Celis's Amended Petition for Writ of Habeas Corpus, (ECF No. 16).  Federal Respondents Pamela Bondi, Michael Bernacke, Todd Lyons, and Kristi Noem filed a Response, (ECF No. 22), to which Petitioner filed a Reply, (ECF No. 23).  For the reasons explained below, the Court GRANTS the Petition.

## I. BACKGROUND

Petitioner Mario Enrique Barroz Celis is a citizen of Venezuela and a former member of the Venezuelan military under the Nicolás Maduro regime. (Am. Pet. 4:4–5, ECF No. 16). Petitioner alleges that he was accused of plotting against the Maduro government while he was serving in the military, and that he was subjected to torture. (*Id.* 4:5–7).  Petitioner fled Venezuela and entered the United States on May 21, 2024, with his son and the child's mother. (*Id.* 4:9–10).  On May 22, 2024, U.S. Customer and Border Protection and U.S. Border Patrol issued Petitioner a Notice to Appear. (I-213 at 3, Ex. D to Original Resp., ECF No. 11-4). After entering the United States, Petitioner filed an application for asylum. (Am. Pet. 4:16).

He was taken into ICE custody on August 8, 2025. (*Id.* at 4:17).  He appeared before an Immigration Judge (IJ) for a bond hearing on September 30, 2025, where the IJ concluded that it lacked jurisdiction to consider bond under *Matter of Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (Bond Order, Ex. B to Original Resp., ECF No. 11-2).  On October 9, 2025, the IJ

denied asylum but granted Petitioner withholding of removal to Venezuela under INA § 241(b)(3). (Removal Order, Ex. A to Original Resp., ECF No. 11-1).  The removal order does not list any alternative countries to which Petitioner can be removed. (*Id.* at 4).  Petitioner waived his right to appeal that decision, and the Department of Homeland Security ("DHS") initially reserved its right to appeal. (*Id.* at 5).  Respondents now assert that DHS has "declined to pursue the appeal." (Original Resp. 3:11–12).

In mid-October 2025, after receiving withholding of removal and while detained in ICE custody, ICE informed Petitioner that it intended to remove him to Mexico.  Because he fears being removed to Mexico, Petitioner filed an appeal with the Board of Immigration Appeals on November 10, 2025, attempting to prevent his removal to Mexico. (Original Resp. 2:3–4).  On January 16, 2026, Petitioner filed a pro se writ of habeas corpus in this Court. (Petition, ECF No. 4).

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.   DISCUSSION

Petitioner seeks habeas relief on three grounds: (1) Petitioner's indefinite detention violations his Fifth Amendment right to due process because his removal is not reasonably

foreseeable; (2) ICE's policy to remove noncitizens to a third country with no notice or opportunity to seek fear-based protections violates Petitioner's Fifth Amendment right to due process and constitutes arbitrary and capricious agency action in violation of the APA; and (3) Petitioner's detention pursuant to recent ICE third country removal policy violates the Due Process Clause of the Fifth Amendment. (*See generally* Am. Pet.). The Court beings by addressing Ground One.

### A. Constitutionality of Petitioner's Indefinite Detention

Though originally disputed, the parties now agree that Petitioner is currently detained subject to a final removal order under 8 U.S.C. § 1231(a)(6). (Resp. 4:9, ECF No. 22); (Reply 8:24–26, ECF No. 23).

The Supreme Court has held that "the Due Process Clause protects a [noncitizen] subject to a final order of deportation." *Zadvydas*, 533 U.S. at 693–94. In *Zadvydas*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Id.* at 699.

The authority of ICE to detain noncitizens under federal law derives from 8 U.S.C § 1231, which directs the Attorney General of the United States to affect the removal of any noncitizen from this country within 90 days of a final order of removal. 8 U. S. C. § 1231(a)(1). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the noncitizen is released from non-immigration detention or confinement. § 1231(a)(1)(B). During the removal period, detention is mandatory. § 1231(a)(2). Under § 1231, the removal period may be extended beyond 90 days for a variety of reasons including a determination by DHS that "removal is not practicable or proper." *Id.*

Because "[a] statute permitting indefinite detention. . . would raise a serious constitutional problem," the Supreme Court has "read an implicit limitation" into the statute

and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal. *Zadvydas*, 533 U.S. at 682.  When a removable noncitizen is detained beyond this reasonable time and "removal is not reasonably foreseeable, the court should hold continued detention unreasonable." *Id.* at 699.  The Supreme Court adopted a six-month period of presumptive reasonableness after the removal order is final and confirmed that "[a noncitizen] may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 710.  The Court further determined that "after this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.  If the Government fails to meet its burden, then the noncitizen must be released from detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

Here, Petitioner argues that his detention is unconstitutional because his removal is not reasonably foreseeable.  Petitioner's order of removal became final on October 9, 2025, the date on which he waived appeal of the IJ's removal order. (Removal Order at 5, Ex. A to Original Resp.); 8 C.F.R. § 1241.1(b) (stating that an order of removal made by an immigration judge become final "upon waiver of appeal by the respondent").  Petitioner has been detained by ICE for over seven months, but only about five of those months followed his final removal order.  Thus, Petitioner's post-order of removal detention has not yet reached the six-month mark identified in *Zadvydas*.  But, as this Court has already determined, the six-month presumption of reasonableness in *Zadvydas* is rebuttable. *See Vijdani v. Mattos*, Case No. 2:25-cv-02496-GMN-EJY, 2026 WL 560209, at *3–4 (D. Nev. Feb. 27, 2026) (collecting cases concluding the same).  So, even though Petitioner's detention is approximately three weeks short of six months, the Court incorporates its reasoning in *Vijdani* and considers the foreseeability of his removal.

The parties do not dispute that there is no significant likelihood of removal to Petitioner's home country of Venezuela, since the IJ granted him a withholding of removal to Venezuela. (Removal Order at 2, Ex. A to Original Resp.).  But between the filing of the Amended Petition and the Response, Federal Respondents allege that Petitioner was served with third country removal documents to Mexico. (Resp. 4:11–12).  Given this development, Federal Respondents argue that Petitioner's removal is now reasonably foreseeable, and his Petition should consequently be denied. (*Id.* 4:9–12).  Petitioner responds that the new removal documents do not automatically render removal reasonably foreseeable, because there remains no lawful pathway to removal in the near term. (Reply 5:5:8–21).  This is particularly true, Petitioner argues, because the government must satisfy constitutional due process requirements before Petitioner can lawfully be removed to a third country. (*Id.* 5:22–27).

Petitioner provides evidence that Mexico is only willing to accept individuals from other countries who "willingly" go to Mexico. (Parsons Decl. ¶ 11., Ex. 4 to Reply, ECF No. 23-1); *see also Suarez-Ramirez v. Mattos*, 2:25-cv-02369-MMD-EJY, 2026 WL 115020, at *3 (D. Nev. Jan. 15, 2026).  Petitioner has definitively stated that he does not wish to go to Mexico because his life would be in danger there. (Pet. at 7, ECF No. 4).  Further, according to Petitioner's original Petition, he was previously served removal papers to Mexico, but the government did not successfully remove him to Mexico at that time. (Pet. at 4 ("Days after I won the Withholding of Removal, an ICE officer came to the detention center and gave me a paper that said they were working to deport me to Mexico.  Then they tried to deport me to Mexico . . . my life would be in danger there.")).  Accordingly, the Court finds Petitioner has met his initial burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Meanwhile, Respondents make no actual argument for why the service of removal papers to Mexico renders his removal likely in the reasonably foreseeable future. (Resp. 6:23–

24; 7:8–11; 7:21–23). Their Response assumes that the service of these papers automatically demonstrates he is likely to be removed soon, without addressing whether removal is actually likely to occur. Respondents do not explain how the government plans to remove Petitioner to Mexico despite his unwillingness to go there, nor how this attempt would differ from the previous unsuccessful attempt to remove him there. In sum, Respondents have not demonstrated that Mexico will accept Petitioner and have therefore failed to show that removal is likely in the reasonably foreseeable future. *See Suarez-Ramirez*, 2026 WL 115020, at *3 (granting habeas relief under *Zadvydas* where the government attempted to remove the petitioner to Mexico, but previous attempts to remove him to Mexico had been unsuccessful because petitioner would not go willingly); *Pena-Gil v. Lyons*, No. 25-CV-03268-PAB-NRN, 2025 WL 3268333 (D. Colo. Nov. 24, 2025) (same). The Court therefore concludes that Petitioner is being detained in violation of his Constitutional rights and GRANTS the Amended Petition on this ground.

### B. Third Country Removal

Petitioner also contends that ICE's policy of removing noncitizens to a third country with no opportunity to seek fear-based protection violates his due process rights and constitutes arbitrary and capricious agency action in violation of the APA. (Am. Pet 18:1–22:23). Respondents do not respond to this argument. (*See generally* Resp.).

As the Court has previously found in *Cavieres Gomez v. Mattos*, No. 2:25-cv-00975-GMN-BNW, 2025 WL 3101994 at *6–7 (D. Nev. Nov. 6, 2025), Petitioner has a due process right to receive meaningful notice and opportunity to present a fear-based claim to an immigration judge before DHS deports him to a third country. "Immigration proceedings must provide the procedural due process protections guaranteed by the Fifth Amendment." *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) (citing *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009)). "A 'noncitizen must be given sufficient notice of a country of

deportation that, given his capacities and circumstances, he would have a reasonable opportunity to raise and pursue his claim for withholding of deportation.'" *Nguyen v. Scott*, 796 F. Supp. 3d 703, 727 (W.D. Wash. Aug. 21, 2025) (quoting *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1009 (W.D. Wash. 2019) (citing *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976)). "[I]ndividuals whose rights are being determined are entitled to notice of the issues to be adjudicated, so that they will have the opportunity to prepare and present relevant arguments and evidence." *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999).  "In the context of country of removal designations, last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country." *Najjar v. Lynch*, 630 F. App'x. 724, 725 (9th Cir. 2016) (non-precedential memorandum disposition).

Thus, in accordance with the ample case law above, the Court finds that Petitioner has a due process right to receive meaningful opportunity to present a fear-based claim to an immigration judge before DHS deports him to a third country.[1]  Accordingly, the Court finds that Petitioner's requested injunctive relief on this ground is warranted.

## C. Relief Requested

First, Petitioner requests that he be released immediately. (Pet. 21:15).  The remedy for a *Zadvydas* claim is generally release of the habeas petitioner under conditions of supervision. *Zadvydas* explains that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 699–700.  It further provides that the noncitizen's "release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the [noncitizen] may no doubt be returned to custody upon a violation of those conditions." *Id.* at

---

[1] Because the Court finds that Petitioner puts forth a successful argument under the Fifth Amendment right to due process, it need not determine whether the stated policy violates the APA.

700.  Moreover, when a court considers a due process claim, it may tailor relief to the specific problem that gives rise to the due process violation. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).  Because the Court holds that Petitioner's continued detention violates the Fifth Amendment based on the analytical framework provided in *Zadvydas*, the Court finds that Petitioner's immediate release is warranted. *See Zadvydas*, 533 U.S. at 699–700.

Second, Petitioner requests that the Court prohibit Respondents from re-detaining Petitioner in the future absent proof of changed circumstances making his removal reasonably foreseeable.  Third, Petitioner requests that the Court prohibit Respondents from removing petitioner to a third country without providing Petitioner and Petitioner's counsel with adequate notice of intent to seek removal to a third country and due process in the form of an opportunity to reopen Petitioner's immigration court proceedings to seek fear-based relief from removal. For the reasons discussed above, the Court finds that these forms of relief are warranted.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Amended Petition, (ECF No. 16), is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner must be released from detention by Monday, March 16, 2026, subject to the conditions of his prior order of supervision. *See* 8 U.S.C. § 1231(a)(3).  Respondents must notify Petitioner's counsel of the date and time of release in advance of Petitioner's release.

**IT IS FURTHER ORDERED** that the parties must file a Joint Status Report no later than March 18, 2026, to certify compliance with the Court's order.

**IT IS FURTHER ORDERED** that Respondents are enjoined from re-detaining Petitioner in the future absent proof of changed circumstances making his removal reasonably foreseeable.

**IT IS FURTHER ORDERED** that Respondents are enjoined from removing Petitioner to a third country without providing Petitioner with adequate notice of intent to seek removal to

a third country and due process in the form of an opportunity to reopen Petitioner's immigration court proceedings to seek fear-based relief from removal.

Counsel for Respondents are directed to immediately provide notice of this Order to the parties they represent.  The Clerk of Court is kindly directed to send a copy of this Order to the Warden of Nevada Southern Detention Center in Pahrump, Nevada.

**DATED** this __13__ day of March, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court